UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAURO HUMBERTO LOPEZ
ALEMAN,

       Petitioner,

     v.                          Case No.:  2:26-cv-00129-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

       Respondents,

                                      /

## **OPINION AND ORDER**

Before the Court is Mauro Humberto Lopez Aleman's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1).  Lopez Aleman's sister Belkis Lopez filed the petition on his behalf.

"Application for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242.  The latter part of that statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. 1t 163.  The "next friend" must adequately explain why the detainee cannot appear on his

own behalf to prosecute the action, and she must be truly dedicated to the best interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* at 164.

In a sworn declaration, Belkis Lopez states Lopez Aleman does not have meaningful access to mail and legal materials or the ability to prepare, sign, or file court documents while detained. She also swears she is acting solely in Lopez Aleman's best interest. The Court finds that Belkis Lopez may act as Lopez Aleman's next friend in this action.

However, the petition does not include enough detail to warrant habeas relief. Lopez Aleman claims his detention violates the Fifth Amendment because removal is not reasonably foreseeable. In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). The Court established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Lopez Aleman's petition does not carry the initial burden of proof. A habeas petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner is not entitled to habeas relief—or even an evidentiary hearing—"when his claims are merely conclusory allegations unsupported by specifics[.]" (internal quotation marks and citations omitted)). Lopez Aleman's petition does not include important facts like his native country, when and how he entered the United States, when his removal order became final, any prior periods of immigration detention, and any efforts the government has made to deport him.

The Court finds that Lopez Aleman is not entitled to habeas relief on any ground in his petition. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**. Lopez Aleman may file an amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1